UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

BRYANT KEITH DEVINE,

    Plaintiff,

v.

DANIEL J. THOMPSON, BECKY NORDIN,
DIANNA CUSICK, CURT SCHMIDT,
ANGELA CHRISTENSEN, TEJA CRANE,
LAURA FEDOCK, LYNN COFFEY, JANIS
HOLLENBECK, MARY THUROW, JASON
DORSETT, MICHAEL DOTSON, PHIL
GATTO, LOIS BOLLMAN, PHILLIP DAVIS,
LINDA PETER, KATHLEEN D. SHEEHY,
and SCOTT GOINGS,

    Defendants.

Civil No. 06-3463 (JNE/SRN)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the allegations set forth in Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Title II, Injunctive Relief Against Discrimination In places of public Accommodation Sec. 201
>
> Title III – Desegregation of Public Facilities.  Sec. 301, 303.
>
> Title IV – Desegregation of Public Education.  Sec. 401, Sec. 403, 404, 405, 407.
>
> Title V – Commission on Civil Rights Duties of the Commission.  Sec. 104, Sec. 507.  Section 105 of the Civil Rights Act of 1957..., As Amended by Section 401 of the Civil Right's Act of 1960,...
>
> Title VI – NonDiscrimination In Federally Assisted Programs: Sec. 601, Sec. 602, Sec. 603
>
> Title IX – Intervention And procedure After Removal, In Civil Rights Cases
>
> Sec. 901.  Title 28 of the United States Code, Section 1447(d) Section 1443, Sec. 902
>
> Title X – Establishment of Community Relations Service.  Sec. 1001, Sec. 1002"

Nothing in Plaintiff's complaint sheds any additional light on the facts or circumstances giving rise to this action.  None of the Defendants listed in the caption of the complaint is even mentioned anywhere else in the complaint.  Furthermore, it is not clear what (if any) relief Plaintiff may be seeking from Defendants.

While a pro se pleading is to be liberally construed, it still must allege some historical <u>facts</u>, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s).  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law") (emphasis

2

added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Again, Plaintiff's present complaint does not include any factual allegations describing any specific historical events, or any specific acts or omissions attributable to any of the named Defendants. It is therefore readily apparent that, even with the benefit of liberal construction, the instant complaint fails to state any claim on which relief can be granted.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: August 25, 2006

        s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 8, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.